# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5910 | **DATE** | July 30, 2012 |
| **CASE TITLE** | U.S. ex rel. Jon M. Cox (#R-23562) vs. Warden March Hodge | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to file *in forma pauperis* [#3] is granted. However, this successive petition for a writ of habeas corpus is dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). The case is terminated. A copy of Circuit Rule 22.2 (7th Cir.) is attached to this order.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

Jon Cox, an Illinois state prisoner, has filed a successive *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for attempted murder, armed kidnaping, and attempted armed robbery on the grounds that: (1) the imposition of a three-year term of mandatory supervised release violates principles of due process and double jeopardy; (2) his defense attorney was ineffective; (3) the prosecutor engaged in misconduct; (4) the guilty plea was coerced; and (5) both the Illinois statute defining criminal attempts and the Supreme Court rule governing motions to withdraw guilty pleas are unconstitutional.

Petitioner having stated that he is indigent, his motion to proceed *in forma pauperis* is granted. However, the Court has reviewed the petition and finds that it must be dismissed for lack of jurisdiction.

A current litigation-bar order in place by the U.S. Court of Appeals for the Seventh Circuit does not preclude Petition from filing habeas corpus actions. Nevertheless, under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner must obtain prior leave from the court of appeals before the district court can consider a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner in the case at bar filed an earlier habeas corpus petition, *Cox v. Randolph*, Case No. 07 C 6731 (N.D. Ill.). This Court denied that petition on its merits by Minute Order of July 7, 2008 (Kennelly, J.), and the U.S. Court of Appeals for the Seventh Circuit dismissed Petitioner's multiple appeals. Petitioner makes no showing that the Court of Appeals has granted him leave to file a second habeas corpus petition. The Court therefore has no jurisdiction to consider Petitioner's renewed application for habeas corpus relief under § 2254. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *In re Page*, 170 F.3d 659 (7th Cir. 1999).

Accordingly, the Court grants Petitioner's motion for leave to file *in forma pauperis* but summarily dismisses the habeas corpus petition without prejudice to re-filing suit should Petitioner obtain leave to file from the Seventh Circuit Court of Appeals. Attached to this order is a copy of Circuit Rule 22.2 (7th Cir.). Circuit Rule 22.2 explains the procedures Petitioner must follow to obtain leave from the Seventh Circuit Court of Appeals to file a second or successive habeas corpus petition.

mjm

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

    (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

    (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

    (b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

    (c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

    (d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

    (e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.